**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID WAYNE KIEHLE,

               Petitioner - Appellant,

   v.

CHARLES L. RYAN and ATTORNEY
GENERAL OF THE STATE OF
ARIZONA,

               Respondents - Appellees.

No. 12-16443

D.C. No. 2:11-cv-00352-GMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted March 13, 2015
San Francisco, California

Before: NOONAN, W. FLETCHER, and CHRISTEN, Circuit Judges.

David Wayne Kiehle appeals the district court's order denying his petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction

under 28 U.S.C. §§ 1291 and 2253(a). We affirm.

---

     [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We review a district court's denial of a habeas petition de novo. *Rhoades v. Henry*, 598 F.3d 495, 500 (9th Cir. 2010). We may grant relief if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

1.     Kiehle asserts an ineffective assistance of counsel claim based on his attorney's failure to participate in supplemental closing argument. We decline to expand the certificate of appealability to encompass the uncertified issues raised in Kiehle's opening brief because Kiehle has not made "'a substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (quoting 28 U.S.C. § 2253(c)(2)).

2.     Generally, to prevail on an ineffective assistance of counsel claim a petitioner must show: (1) counsel's performance was deficient; and (2) the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *United States v. Cronic*, the Supreme Court held that prejudice may be presumed when "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." 466 U.S. 648, 659–60 (1984).

2

The Arizona Superior Court did not unreasonably conclude that *Cronic* "is inapplicable to this case." No Supreme Court precedent supports finding a *Cronic* violation under the circumstances presented here: the trial court's decision to permit supplemental closing argument presented Kiehle's attorney with a difficult situation, but as the district court explained, Kiehle's attorney "could have emphasized that the fingerprints were not David's, could have sought to implicate B., could have suggested that an unknown party was in the house, or could have merely expounded on the standard of reasonable doubt." The circumstances were such that a competent lawyer could provide effective assistance. *Cf. id.* at 660–61 (discussing *Powell v. Alabama*, 287 U.S. 45 (1932)).

**3.** Kiehle's motion to supplement the district court record is denied.

**AFFIRMED.**